JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, William Moviel, appeals from an October 23, 2006 judgment of the Cuyahoga County Court of Common Pleas, resentencing him pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-8. For the following reasons, we affirm the sentencing order.
 {¶ 2} For the facts and procedural background of this case, we refer to Moviel's previous appeal, State v. Moviel, 8th Dist. No. 86244,2006-Ohio-697 ("Moviel I"). In Moviel I, we set forth the following in _3-8:
 {¶ 3} "Moviel worked as Service Director for the City of Lyndhurst and drug counselor for two fifteen year-olds, who were enrolled in Alcoholics Anonymous' twelve-step program. The two youths worked part-time for the city of Lyndhurst. *Page 3 
 {¶ 4} "The record reveals that when the minors adhered to the precepts of the twelve-step program, Moviel rewarded them by furnishing pornographic videos. Moviel, along with the minors, would masturbate while watching the videos. When the minors did not attend counseling sessions, Moviel punished them by swatting their buttocks with a paddle. After swatting the boys with the paddle, Moviel would rub their bare buttocks. On some occasions, Moviel took pictures of the boys' bare buttocks.
 {¶ 5} "On November 16, 2004, the Cuyahoga County Grand Jury indicted Moviel on three counts of disseminating obscene matter to juveniles; two counts of illegal use of a minor in nudity-oriented material and/or performance; two counts of gross sexual imposition; two counts of public indecency; and, one count of possessing criminal tools.
 {¶ 6} "On December 3, 2004, Moviel pled not guilty at his arraignment. Thereafter, Moviel entered into a plea bargain with the State, and on February 9, 2005, pled guilty to all ten counts, which included several counts that were amended.
 {¶ 7} "On March 14, 2005, the trial court determined Moviel to be a sexual predator. Thereafter, the trial court sentenced Moviel to four years each for counts two and three, which charged him with the illegal use of a minor in nudity-oriented material and/or performance. The trial court ordered the sentences served consecutively. *Page 4 
 {¶ 8} "The trial court also sentenced Moviel to eleven months each on counts one, six, eight, and ten, which charged him with disseminating obscene matter to juveniles. This sentence was to be served concurrently to the sentence imposed for counts two and three of the indictment. Further, the trial court sentenced Moviel to seventeen months on counts four and five, which charged him with gross sexual imposition. This sentence was also to be served concurrently to the sentence imposed for counts two and three. Finally, as part of the sentence, the trial court imposed three years of post-release control."
 {¶ 9} In Moviel I, this court upheld his guilty plea, affirming his conviction and sexual predator classification. Id. at _2. This court vacated his sentence, however, because the trial court did not make the then required findings on the record.[1] Id. at _2. Subsequent to our decision, on August 23, 2006, the Ohio Supreme Court reversedMoviel I, and remanded the case to the trial court for resentencing on the authority of Foster. In re Ohio Criminal Sentencing StatutesCases, 110 Ohio St.3d 156, 2006-Ohio-4086, _6.
 {¶ 10} On October 13, 2006, after the case was remanded, Moviel filed a motion to withdraw his guilty plea prior to his resentencing hearing. In his motion, he *Page 5 
argued that "he was denied effective assistance of counsel and his pleas of guilty were made upon misinformation and misrepresentation without being fully advised concerning the nature of the offenses." He further alleged that he was not given proper advisement by the court and counsel; that he was not informed he could be sentenced to eight years in prison; that he was not properly informed concerning postrelease control; and that his counsel did not inform him his pleas of guilty to gross sexual imposition were wrongly charged in his indictment. After a hearing, the trial court denied the motion.
 {¶ 11} On October 23, 2006, the trial court sentenced Moviel to the same sentence that it had originally sentenced him to in March 2005. The trial court also found Moviel to be a sexual predator, as it did at the first hearing.
 {¶ 12} It is from this judgment that Moviel appeals, raising the following six assignments of error:
 {¶ 13} "[1.] Defendant was denied due process of law when the court overruled defendant's motion to withdraw his pleas.
 {¶ 14} "[2.] Defendant was denied due process of law when the court did not conduct a hearing on defendant's motion to withdraw his pleas.
 {¶ 15} "[3.] Defendant was denied due process of law when the court overruled his motion to satisfy sentence and discharge [defendant].
 {¶ 16} "[4.] Defendant was denied due process of law and the court abused its discretion in sentencing defendant without consideration of the statutory criteria. *Page 6 
 {¶ 17} "[5.] Defendant was denied due process of law when the court fined defendant after defendant had been declared indigent.
 {¶ 18} "[6.] Defendant was denied due process of law when he was adjudicated a sexual predator without the presentation of any evidence."
 MOTION TO WITHDRAW GUILTY PLEA {¶ 19} This court will address Moviel's first two assignments of error concomitantly, as they deal with his Crim.R. 32.1 motion to withdraw his guilty plea.
 {¶ 20} We sua sponte address the threshold issue of whether the trial court had jurisdiction to act on the Crim.R. 32.1 motion. State v.Vild, 8th Dist. Nos. 87742, 87965, 2007-Ohio-987, at _12. In doing so, we conclude that the trial court was without jurisdiction to consider Moviel's motion upon remand. In State ex rel. Special Prosecutors v.Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, the Ohio Supreme Court specifically held that a trial court does not have jurisdiction, upon remand, to entertain a Crim.R. 32.1 motion to withdraw a plea after a judgment of conviction has been affirmed by the appellate court. Id. at 97. The Supreme Court reasoned:
 {¶ 21} "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been *Page 7 
affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial." Id.
 {¶ 22} In Moviel I, this court affirmed Moviel's conviction, which was premised upon Moviel's guilty plea. Id. at _2. Although we reversed and remanded the case, it was only for the limited purpose of resentencing. Id. The Supreme Court then reversed Moviel I, and remanded the case to the trial court for resentencing pursuant to Foster. This court's judgment, affirming the finding of guilt, is "controlling upon the lower court as to all matters within the compass of the judgment" and, therefore, the trial court had no jurisdiction to consider Moviel's motion. State ex rel. Special Prosecutors, supra, at 97.[2]
 {¶ 23} Moreover, even assuming the trial court had jurisdiction to consider Moviel's motion, we conclude that it was barred by the doctrine of res judicata. The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal. See, generally,State v. Perry (1967), 10 Ohio St.2d 175; State v. Szefcyk (1996),77 Ohio St.3d 93; and State v. Gaston, 8th Dist. No. 82628, 2003-Ohio-5825. *Page 8 
 {¶ 24} Moviel not only raised the issue of the voluntariness of his plea in his direct appeal (Moviel I), he also raised the issue of ineffective assistance of counsel, the issue of postrelease control, and the issue of the improper subsection reference in his indictment regarding gross sexual imposition.[3]
 {¶ 25} In Moviel I, with respect to Moviel's guilty plea, we concluded "the trial court made an exhaustive attempt to ascertain that Moviel had a clear understanding of the charges and possible penalties before accepting the guilty pleas. The trial court asked Moviel five different times if he understood the charges against him and the possible penalties. Each time Moviel stated that he understood, and also indicated that his attorney had also explained the charges and possible penalties. The trial court even asked if Moviel wanted the court to explain any aspect of the case or the proceeding more fully, and Moviel indicated he did not. Thereafter, Moviel admitted in open court that he was in fact guilty of the offense with which he was charged." Id. at _15.
 {¶ 26} We further concluded that despite Moviel being informed at his plea hearing that he could receive either "three or five years" of postrelease control, he "was aware that postrelease control would be part of his sentence." Id. at _22-23. In addition, through his attorney, Moviel informed the trial court that it did not matter *Page 9 
whether it was three or five years, "it would not impact his decision to plead guilty." Id. at _21.
 {¶ 27} Finally, this court concluded that Moviel's trial counsel was not ineffective. Despite Moviel's indictment, which charged him with the improper subsection of gross sexual imposition, it did not affect the voluntariness of his plea. Id. at _44. His indictment specified R.C.2907.05(A)(4), which is a third degree felony (victim under the age of thirteen). He actually pled guilty to R.C. 2907.05(A)(1), a fourth degree felony (purposefully compel victim to submit by force or threat of force). This court held that the Moviel had failed to raise the alleged defect prior to pleading, and he was not prejudiced by the state's failure to amend the indictment to the lesser felony. Id. at _44-47.
 {¶ 28} Additionally, even if the trial court would have had jurisdiction, it did not err by not holding a full hearing on the motion. "A post-sentence motion to withdraw a plea of guilty is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Russ, 8th Dist. No. 81580, 2003-Ohio-1001, at _12. Moviel did not attach evidentiary documents, nor did he allege any fact, that even if taken as true, would show that he was entitled to relief.
 {¶ 29} Thus, Moviel's first two assignments of error are overruled. *Page 10 
 {¶ 30} Moviel's third and fourth assignments of error will also be considered in tandem, since they relate to the issue of his resentencing.
 {¶ 31} Appellant argues that upon resentencing, the trial court violated his constitutional rights by not sentencing him to the minimum sentences on each of the ten convictions to which he pled guilty. Specifically, he maintains that the highest degree felony he was convicted of was a third degree felony, which carries a minimum prison term of one year, and thus, he should have only been sentenced to one year in prison. He further argues that because he had not served a prior prison term, he was entitled to a presumption of the minimum term. We disagree.
 {¶ 32} Prior to Foster, a defendant who had not served a prior prison term was entitled to a presumption in favor of the shortest prison term. R.C. 2929.14(B). However, Foster declared this statutory subsection unconstitutional. Id. at paragraph one of the syllabus. Post-Foster, a court is no longer required to engage in the judicial factfinding exercise mandated by former R.C. 2929.14(B) and, by implication, a defendant who has served no prior prison term is no longer entitled to a presumption of the shortest prison term. Id. at paragraph two of the syllabus. Post-Foster, a court is vested with the discretion to sentence a felony defendant to any sentence allowable by law under R.C. 2929.14(A). Id. at paragraph seven of the syllabus.
 {¶ 33} In addition, Moviel argues that Foster violates the Ex Post Facto Clause of the United States and Ohio Constitutions. It is now well established that Foster *Page 11 
did no such thing. See State v. Mallette, 8th Dist. No. 87984,2007-Ohio-715, and State v. Dawson, 8th Dist. No. 88485, 2007-Ohio-2761
(where we cited to every other appellate court in the state of Ohio that also reached the same conclusion).
 {¶ 34} Accordingly, Moviel's third and fourth assignments of error are overruled.
 {¶ 35} In his fifth assignment of error, Moviel contends that he was denied due process of law when the court fined him, even though he had been declared indigent.
 {¶ 36} R.C. 2929.18 provides that, "the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized * * *."
 {¶ 37} R.C. 2929.18 further mandates:
 {¶ 38} "(B)(1) For a first, second, or third degree felony violation * * *, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory f ine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." *Page 12 
 {¶ 39} The Supreme Court of Ohio has held, "that an affidavit of indigency must be `filed' with the court prior to sentencing[, which] means that the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, i.e., time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." State v. Gipson (1998),80 Ohio St.3d 626, syllabus. In addition, "the fact that the affidavit was not properly filed prior to sentencing is, standing alone, a sufficient reason to find that the trial court committed no error by imposing a statutory fine." Id. at 633. The burden is on the offender to affirmatively demonstrate that he or she is indigent and unable to pay the mandatory fine. Id. at 635.
 {¶ 40} In this case, Moviel alleges that he "had been declared indigent by the court." After thoroughly reviewing the entire record on appeal, we find that Moviel never filed an affidavit of indigency prior to sentencing — or even after sentencing (but prior to journalizing the entry). Moreover, the record does not show that the trial court considered Moviel's indigency, let alone made a finding that he was indigent.
 {¶ 41} Accordingly, Moviel's fifth assignment of error is overruled.
 {¶ 42} In his final assignment of error, Moviel contends that he was denied due process of law when the trial court found him to be a sexual predator without any evidence.
 {¶ 43} At the resentencing hearing, the trial court classified Moviel to be a sexual predator without a hearing. Moviel argues that the trial court erred by not *Page 13 
doing so. However, we conclude that the trial court did not have jurisdiction to revisit the sexual predator classification.
 {¶ 44} In Moviel I, we affirmed the trial court's decision labeling Moviel a sexual predator. Id. at _40. The Supreme Court accepted the case for discretionary appeal only on the issue of Moviel's consecutive sentences, and reversed our decision on that issue alone. In re OhioCriminal Sentencing Statutes Cases, supra. The Supreme Court did not reverse this court's decision affirming the sexual predator classification. Thus, the trial court was without jurisdiction to consider the issue.
 {¶ 45} In addition, "[t]he judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." State ex rel. Special Prosecutors, supra, at 97. The law is well settled that, absent a specific remand or "over issues not inconsistent with that of the appellate court," a trial court does not regain jurisdiction after the case is appealed. Id. Accordingly, Moviel's sexual predator classification, determined in March 2005, and affirmed by this court in February 2006, still stands.
 {¶ 46} Therefore, Moviel's six assignments of error are not well taken. The judgment of the Cuyahoga County Court of Common Pleas resentencing Moviel is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 14 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] In the context of discussing Moviel's plea, this court also determined that the trial court improperly imposed a mandatory three years of postrelease control, rather than a mandatory five years. This court concluded that the trial court's error did not affect him entering into his plea knowingly, voluntarily, or intelligently. Upon resentencing, the trial court properly imposed the correct term of postrelease control.
[2] The record indicates that the trial court orally denied Moviel's Crim.R. 32.1 motion at his resentencing hearing (after a very brief hearing), but it did not journalize the order. In this case, however, it is irrelevant, since the trial court did not have jurisdiction over the motion.
[3] We note that the same attorney represented Moviel in his direct appeal, his motion to withdraw his guilty plea, his resentencing hearing, and in the case at bar. *Page 1