JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On September 7, 2007, the applicant, Karl Roberson, applied pursuant to App.R. 26(B) to reopen this court's judgment in State v.Roberson,[1] in which this court affirmed Roberson's conviction and sentence for felonious assault. Roberson argues that his appellate counsel was ineffective for not arguing that State v. Foster's[2]
elimination of beneficial sentencing presumptions cannot be retroactively applied to defendants whose criminal conduct predatedFoster. Although the State of Ohio received an extension of time until November 8, 2007, in which to file a brief in opposition, it never timely filed a brief. Nevertheless, this court denies the application.
 {¶ 2} First, res judicata properly bars this application. See, generally, State v. Perry[3] Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan[4], the Supreme Court of Ohio ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust. *Page 4 
 {¶ 3} In the present case Roberson appealed to the Supreme Court of Ohio, which denied his appeal.[5] This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata.[6] Furthermore, before the Supreme Court of Ohio, Roberson argued the identical issues raised in this application. In his second proposition of law, he argued"State v. Foster's elimination of beneficial sentencing presumptions cannot be retroactively applied to defendant's (sic) whose criminal conduct pre-dated the Foster decision." His third proposition argued that his appellate counsel was ineffective for failing to argue that Roberson's due process rights were violated by Foster's retroactive application. The application of res judicata in this case would not be unjust.
 {¶ 4} Moreover, this court fully considered the Foster ex post facto argument in State v. Mallette[7] and rejected it. Appellate counsel cannot be considered ineffective *Page 5 
for rejecting a losing argument. Also, appellate counsel is not deficient for failing to argue developing issues in the law.[8]
 {¶ 5} Accordingly, this court denies the application to reopen.
PATRICIA A. BLACKMON, JUDGE
FRANK D. CELEBREZZE, JR., A.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] Cuyahoga App. No. 88338, 2007-Ohio-2772.
[2] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[3] (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
[4] (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
[5] State v. Roberson, Supreme Court of Ohio Case No. 2007-1413,2007-Ohio-5735.
[6] State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v.Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647 and State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241.
[7] Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567. See also, State v.Moviel, Cuyahoga app. No. 88984, 2007-Ohio-5947.
[8] State v. Williams (1991), 74 Ohio App.3d 686, 600 N.E.2d 298;State v. Columbo (Oct. 7, 1987), Cuyahoga App. No. 52715, reopening disallowed (Feb. 14, 1995), Motion No. 55657; State v. Munici (Nov. 30, 1987), Cuyahoga App. No 52579, reopening disallowed (Aug. 21, 1996), Motion No. 71268, at 11-12: "appellate counsel is not responsible for accurately predicting the development of the law in an area marked by conflicting holdings." State v. Harey (Nov. 10, 1997), Cuyahoga App. No. 71774, reopening disallowed (July 7, 1998), Motion No. 90859; State v.Sanders (Oct. 20, 1997), Cuyahoga App. No. 71382, reopening disallowed, (Aug. 25, 1998), Motion No. 90861; State v. Bates (Nov. 20, 1997), Cuyahoga App. No. 71920, reopening disallowed (Aug. 19, 1998), Motion No. 91111; and State v. Whittaker (Dec. 22, 1997), Cuyahoga App. No. 71975, reopening disallowed, (July 28, 1998), Motion No. 92795. *Page 1