JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relator, Jose Agosto, Jr., is the defendant in State v.Agosto, Cuyahoga County Court of Common Pleas Case No. CR-455886. Agosto was found guilty by a jury of murder (R.C. 2903.02) and felonious assault (R.C. 2903.11), sentenced by Judge Jeffrey P. Hastings and appealed to this court which affirmed the judgment of the court of common pleas. State v. Agosto, Cuyahoga App. No. 87283, 2006-Ohio-5011. Respondents are the court of common pleas and Judge Hollie L. Gallagher, who succeeded Judge Hastings. Agosto requests that this court compel respondents to "cause to be rendered and filed a valid final judgment in the Relator's above-cited criminal case." Complaint, ad damnum clause.
 {¶ 2} Agosto argues that he is entitled to relief in mandamus and/or procedendo to compel respondents because the November 3, 2005 journal entry signed by Judge Hastings and imposing sentence on Agosto "is not final or appealable until a new, valid judgment is rendered and filed * * *." Memorandum in Support of Complaint, at 7. Agosto contends that the sentencing entry does not comply with Crim.R. 32(C) which provides: "Judgment. A judgment of conviction shall set forth the plea, theverdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." (Emphasis added.) That is, Agosto insists that the November 3, 2005 *Page 4 
sentencing entry is defective because it does not mention his plea and "the entry does not set forth the Relator's verdicts; it sets forth adescription of the Relator's verdicts * * *." Relator's Brief in Opposition to Respondents' Motion to Dismiss, at 2. Emphasis in original.
 {¶ 3} The fundamental criteria for issuing a writ of mandamus are well-established. "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. ofEducation (1977), 52 Ohio St. 2d 81, 369 N.E.2d 1200." State ex rel.Harris v. Rhodes (1978), 54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 4} The criteria for procedendo are also well-established. "As was recognized in State, ex rel. Davey, v. Owen (1937), 133 Ohio St. 96, 106
[10 O.O. 102], `[t]he writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be. * * *' Accord State, ex rel.Federated Dept Stores, Inc., v. Brown (1956), 165 Ohio St. 521, 525
[60 O.O. 486]. It is well-settled that the writ of procedendo will not issue for the purpose of controlling or interfering with ordinary court procedure, State, ex rel. Cochran, v. Quillin (1969), 20 Ohio St. 2d 6
[49 O.O. 2d 53], nor will the writ issue where an *Page 5 
adequate remedy exists in the ordinary course of the law. State ex rel.St. Sava, v. Riley (1973), 36 Ohio St. 2d 171, 174 [65 O.O.2d 395];State ex rel. Ruggiero, v. Common Pleas Court (1963), 175 Ohio St. 361
[25 O.O.2d 258]." State ex rel. Utley v. Abruzzo (1985),17 Ohio St.3d 203, 204, 478 N.E.2d 789, quoted in State ex rel. Internatl. Heat Frost Insulators and Asbestos Workers Loc. #3 v. Court of CommonPleas, Cuyahoga App. No. 85116, 2006-Ohio-274, at 4|30. For the reasons discussed below, Agosto is unable to fulfill any of the criteria for either mandamus or procedendo.
 {¶ 5} In State v. Moviel, Cuyahoga App. No. 88984, 2007-Ohio-5947, this court had previously affirmed Moviel's conviction and sexual predator classification but vacated his sentence and remanded the case for resentencing. The Supreme Court of Ohio reversed this court and remanded the case for resentencing under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. On remand to the trial court, Moviel filed a motion to withdraw guilty plea under Crim.R. 32.1 and appealed the trial court's denial of that motion.
 {¶ 6} The Moviel court observed that the case had been remanded solely for resentencing and concluded by quoting State ex rel. SpecialProsecutors v. Judges (1978), 55 Ohio St.2d 94, 378 N.E.2d 162. "This court's judgment, affirming the finding of guilt, is `controlling upon the lower court as to all matters within the compass of the judgment' and, therefore, the trial court had no jurisdiction to consider Moviel's motion. State ex rel. Special Prosecutors, supra, at 97."Moviel, *Page 6 
supra, at ¶ 22 (footnote deleted). See also State v. Tate, Cuyahoga App. No. 83582, 2004-Ohio-2979 (after affirmance of Tate's conviction, the trial court correctly denied Tate's motion to withdraw his guilty plea).
 {¶ 7} In Society Natl. Bank v. Perry (Sept. 19, 1991), Cuyahoga App. No. 59015, the trial court granted a motion to vacate a default judgment despite the fact that this court had previously affirmed the trial court's judgment denying a prior motion to vacate the same default judgment. "The essential issue herein is whether the trial court exceeded its jurisdiction in vacating the default judgment, subsequent to this court's affirmance of its prior judgment denying appellee's first motion to vacate.
 {¶ 8} "The general rule is that a trial court loses jurisdiction after an appeal, except to take action in aid of an appeal or when a remand is ordered for a ruling on a pending motion; the trial court retains only that jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is perfected. Yee v. Erie County Sheriff's Dept. (1990), 51 Ohio St. 3d 43,44; In re Kurtzhalz (1943), 141 Ohio St. 432, paragraph two of the syllabus.
 {¶ 9} "Although the trial court retains jurisdiction over issues not inconsistent with the appellate court to review, modify, affirm or reverse a judgment, it does not regain jurisdiction over matters subject to the appeal in the absence of a reversal and remand by the appellate court. State ex rel. Special Prosecutors v. Judges (1978),55 Ohio St. 2d 94. *Page 7 
 {¶ 10} "The law of the case' doctrine provides that the decision of a reviewing court remains the law of the case on the legal questions involved for all subsequent proceedings in the case, at both the trial court and reviewing court levels. Nolan v. Nolan (1984),11 Ohio St. 3d 1, 3-4; See, Gohman v. St. Bernard (1924), 111 Ohio St. 726. The rule is necessary in order to ensure consistency of results in a case, to avoid endless litigation, and to preserve the structure of superior and inferior courts. Nolan, supra; See, State ex rel. Potain v. Mathews
(1979), 59 Ohio St. 2d 29.
 {¶ 11} "A trial court is bound to adhere to the appellate court's determination of the applicable law and its mandates. Nolan, supra; See, also, Special Prosecutors, supra." Id. at 6-8. In light of this authority, the Society Natl. Bank court reversed the judgment of the trial court granting the motion to vacate the default judgment.
 {¶ 12} In this case, however, Agosto would have this court compel respondents to enter judgment in Agosto's underlying criminal case despite the fact that this court has already affirmed the judgment entered on November 3, 2005. Obviously, entering a new judgment is within the "compass" of the judgment appealed in Case No. 87283, supra. As a consequence, relief in mandamus is inappropriate because Agosto has failed to demonstrate that he has a clear legal right to this relief or that respondents have a clear legal duty to act. Similarly, procedendo is inappropriate because Agosto has not demonstrated that there is anything before the court of common pleas requiring that court to act. Additionally, Agosto has not demonstrated *Page 8 
that direct appeal was not an adequate remedy for him to seek the relief he now requests.
 {¶ 13} Accordingly, respondents' motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
 CHRISTINE T. MCMONAGLE, J., and MELODY J. STEWART, J., CONCUR *Page 1