JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Adam Holloway appeals from the trial court's decisions, after a remand from this court, to deny his motion to withdraw his guilty pleas and to impose the same total sentence that it had previously for his convictions in two separate cases.
 {¶ 2} Holloway presents five assignments of error in the instant appeal. He asserts the trial court abused its discretion both in "summarily" denying his motion to withdraw his guilty pleas, and in re-imposing the identical sentences that were previously vacated by this court in State v. Holloway, Cuyahoga App. Nos. 86426 and 86427,2007-Ohio-2221 ("Holloway II ").
 {¶ 3} Upon a review of the record in light of the applicable law, this court finds no reversible error occurred. However, the trial court erroneously informed Holloway concerning some of the periods of post-release control to which he is subject; therefore, while Holloway's convictions and total sentence are affirmed, this matter must be remanded to the trial court for the limited purpose of conducting a resentencing hearing in order to correct certain post-release control portions of Holloway's sentences.
 {¶ 4} The procedural and factual history of this case was set forth inHolloway II, and is quoted below in pertinent part as follows: *Page 4 
 {¶ 5} "In State v. Holloway, Cuyahoga App. Nos. 86426 and 86427,2006-Ohio-2591, [1] we held that the trial court's failure to advise Holloway that his post-release control was mandatory rendered his plea invalid. As a result of our holding, we declined to address the remaining assigned errors because they were moot.
 {¶ 6} "In Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, the Ohio Supreme Court held that the failure to inform a defendant of the mandatory nature of post-release control did not render the plea or sentence invalid. Accordingly, the Supreme Court reversed and remanded this case to this Court
 {¶ 7} for consideration of the assignments of error previously found moot. [Emphasis added.]
 {¶ 8} "Holloway was charged in two separate indictments. In Case No. CR-459859, he was charged with two counts of felonious assault on a police officer with one-, three-, and seven-year firearm specifications, and a peace-officer specification attached. In Case No. CR-460371, he was charged with three counts of drug possession, four counts of drug possession with one-and three-year firearm specifications attached, four counts of drug trafficking, and four counts of drug trafficking with one-and three-year firearm specifications attached, and one count of possession of criminal tools. *Page 5 
 {¶ 9} "Although Holloway initially entered not guilty pleas in both cases, he later retracted them. In Case No. CR-459859, Holloway entered a plea to two counts of felonious assault with one-and three-year firearm specifications and a peace officer specification attached. He also entered a plea to one count of having a weapon while under disability.
 {¶ 10} "In Case No. CR-460371, he entered a plea to one count of a second-degree felony drug trafficking and three counts of third-degree felony drug trafficking, with one-and three-year firearm specifications attached. He also pled to one count of possession of criminal tools.
 {¶ 11} "Holloway agreed to plead with the understanding the State would recommend a sentence of eight years total for both cases. However, at the plea hearing, the trial court informed Holloway that the sentence was only a recommendation and that the trial court could impose a sentence that did not correspond to the agreed sentence. Holloway stated that he understood it was only a recommended sentence.
 {¶ 12} "Regarding Case No. CR-459859, the trial court imposed concurrent sentences of six years each on the two felonious assault counts and one year on the weapon while under disability count, to be served consecutively to the three-year firearm specification, for a total of nine years. *Page 6 
 {¶ 13} "Regarding Case No. CR-460371, the trial court imposed concurrent terms of three years on the felony-three drug trafficking offense, four years on the felony-two drug trafficking offense, and nine months on the possession of criminal tools count. This sentence, however, was imposed consecutive to Case No. CR-459859. Thus, Holloway received a total sentence of 13 years."
 {¶ 14} In light of the order of remand from the Ohio Supreme Court, this court proceeded to determine the validity of Holloway's convictions and sentences by addressing all of his assignments of error inHolloway II.[2] He argued in his first assignment of error "that his plea was invalid because he was not informed of the mandatory nature of his post-release control." Pursuant to the supreme court's decision inWatkins v. Collins, supra, his argument was rejected.
 {¶ 15} Holloway argued further that "he was induced to enter into the pleas based on an agreement between the prosecutor and defense counsel that he *Page 7 
would receive a total sentence of eight years." This argument also was rejected, since the transcript of his plea hearing demonstrated "Holloway was fully apprised of the fact that the trial court was not bound by the State's recommendation and was also aware of the possible maximum term he faced on each count"; thus, "Holloway cannot now argue that he relied on the recommended sentence in entering his plea."
 {¶ 16} Holloway's third and fifth were related and addressed together, in them, he "contended that the trial court imposed its sentence based upon uncharged conduct." A review of the sentencing hearing transcript, however, showed that "the trial court was not relying on information of which the defendant had no knowledge or notice, but on facts admitted to by the defendant."
 {¶ 17} Holloway additionally argued that the trial court's failure to accurately state the period of post-release control to which he was subject in CR-459859 rendered his pleas and sentences void. This court rejected his argument, observing that "the trial court informed Holloway about post-release control both at his plea and sentencing hearings. The court also incorporated an order for post-release control in its journal entry. Therefore, Holloway was informed that his liberty could be restrained after serving his sentence," and the trial court's *Page 8 
"misstatement of the length of post-release control * * * was harmless in light of * * *Watkins v. Collins, supra."
 {¶ 18} Consequently, of the six assignments of error Holloway presented in Holloway II, only his fourth assignment of error had merit; it challenged the trial court's compliance with sentencing statutes in pronouncing his sentence. Since the record reflected the trial court relied upon statutes declared unconstitutional in State v. Foster,118 Ohio St.3d 1, 2006-Ohio-856, while his convictions were affirmed, his sentences were vacated, and the cases remanded for a new sentencing hearing.
 {¶ 19} Prior to the resentencing hearing, Holloway filed in the trial court a written motion in each of his cases to withdraw his pleas. He argued therein that his pleas were induced by the promise of an agreed eight-year sentence. The trial court denied his motion at the outset of the hearing without discussion.
 {¶ 20} Subsequently, after listening to the arguments of counsel and to Holloway himself, the trial court imposed the identical sentences in both cases that it had originally chosen, i.e., a total of thirteen years.
 {¶ 21} Holloway appeals, once again, challenging his convictions and the sentences he received in the underlying cases. He presents five assignments of error, which state: *Page 9 
 {¶ 22} "I. Defendant was denied due process of law when the court summarily overruled his motion to withdraw his pleas of guilty.
 {¶ 23} "II. Defendant was denied due process of law when the court did not conduct a hearing on defendant's motion to withdraw his pleas of guilty.
 {¶ 24} "III. Defendant was denied due process of law when he was sentenced without consideration of statutory criteria for sentencing.
 {¶ 25} "IV. Defendant was denied due process of law when the court imposed five (5) years of mandatory post-release control on each of the cases.
 {¶ 26} "V. Defendant was denied due process of law when he was resentenced based upon unconstitutional statutes and failed to receive the minimum or a jointly agreed sentence."
 {¶ 27} Holloway argues in his first and second assignments of error that the trial court abused its discretion in denying his "pre-sentence" motion to withdraw his pleas without conducting a hearing. In spite of the state's concession that Holloway's argument has merit, this court disagrees.
 {¶ 28} This court previously has observed that "a trial court does not have jurisdiction, upon remand, to entertain a Crim. R. 32.1 motion to withdraw a plea after a judgment of conviction had been affirmed by the appellate court." State v. Moviel, Cuyahoga App. No. 88984,2007-Ohio-5947, at ¶ 20, citing State ex rel. Special Prosecutors v.Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94. *Page 10 
 {¶ 29} The arguments Holloway made in his motions to withdraw his pleas sought to challenge the validity of his pleas; however these same arguments specifically were overruled in Holloway II. The dispositions made became the law of the case, from which the trial court was not free to deviate. State v. Moore, Cuyahoga App. No. 83703, 2004-Ohio-6303; see also, State v. O'Neal, Medina App. No. 06CA0056-M, 2008-Ohio-1325.
 {¶ 30} Consequently, the trial court acted appropriately in denying his Crim. R. 32.1 motions without comment, and Holloway's first and second assignments of error are overruled.
 {¶ 31} Holloway's third and fifth assignments of error are related. He argues that his sentence should be reversed because the record fails to demonstrate whether the trial court considered R.C. 2929.11 or R.C. 2929.12 in reimposing a consecutive sentence. He further argues that a sentence imposed pursuant to State v. Foster, supra, violates his constitutional rights. Neither argument has merit.
 {¶ 32} As this court has observed, after Foster, a trial court "is vested with the discretion to sentence a felony defendant to any sentence allowable by law under R.C. 2929.14(A)." State v. Moviel, supra, ¶ 32. The record reflects the trial court remained familiar with the facts surrounding Holloway's cases, and determined that the sentence it originally imposed remained appropriate. *Page 11 
Nothing in the record demonstrates the trial court either ignored the statutory directives or abused its discretion.
 {¶ 33} Furthermore, this court has rejected the argument that a resentence imposed pursuant to Foster violates the Ex Post Facto Clauses of the federal or state constitutions. Id., ¶ 33.
 {¶ 34} Accordingly, Holloway's third and fifth assignments of error also are overruled.
 {¶ 35} Holloway argues in his fourth assignment of error that the trial court erred in imposing "five years [of] mandatory post-release control" in both of his cases. His argument is persuasive.
 {¶ 36} In CR-459859, Holloway was convicted, inter alia, of having a weapon while under disability, which, pursuant to R.C. 2967.28(B)(3), carries only a three-year period of "mandatory" post-release control. Similarly, of his convictions in CR-460371, only his plea to a charge of drug trafficking with a firearm specification carried a "mandatory" period of post-release control, and that of only three years; his remaining convictions carried the potential of up to three years of post-release control. R.C. 2967.28(C).
 {¶ 37} Since the trial court misinformed Holloway concerning the applicable periods of post-release control for some of his convictions, his fourth assignment of error is sustained. *Page 12 
 {¶ 38} Therefore, the trial court's denial of Holloway's motion to withdraw his plea and total sentence imposed are affirmed. Those portions of the journal entries of sentence purporting to impose inapplicable periods of post-release control are reversed, and this case is remanded for a limited resentencing hearing at which the trial court is instructed to apprise Holloway of the appropriate periods of post-release control applicable to each of his convictions in the underlying cases.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P. J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] The underlying opinion causes the quoted opinion to be referred to as Holloway II.
[2] Holloway's assignments of error as presented in Holloway II
follow: "I. Defendant was denied due process of law when he was not properly informed by the court concerning [the] mandatory nature of post-release control; II. Defendant was denied due process of law when his plea of guilty was induced by improper and unfulfilled promises and representations, which deprived his plea of its voluntary character; III. Defendant was denied due process of law when the court based its sentencing on its own knowledge of uncharged conduct; IV. Defendant was denied due process of law when the court failed to follow the statutory mandate in imposing sentence in this case; V. Defendant was denied due process of law when the court based its sentence on findings not alleged in the indictment nor admitted by the defendant"; and, "VI. Defendant was denied due process of law when the court did not properly inform defendant concerning the mandatory length of post-release control at sentencing." *Page 1