[Cite as *State ex rel. Agosto v. Gallagher*, 2011-Ohio-4514.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    96670

## STATE OF OHIO EX REL.
## JOSE AGOSTO

RELATOR

vs.

## JUDGE HOLLIE L. GALLAGHER, ET AL.

RESPONDENTS

## JUDGMENT:
## WRITS DENIED

Writ of Mandamus and/or Procedendo
Motion No.   444365
Order No.   446666

**RELEASE DATE:** September 2, 2011
**FOR RELATOR**

Jose Agosto, Pro Se
Mansfield Correctional Institution
Inmate No. 493-626
Post Office Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor
By:   James E.   Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J.   BOYLE, J.:

{¶ 1} Relator, Jose Agosto, Jr.,[1] is the defendant in *State v. Agosto*, Cuyahoga County Court of Common Pleas Case No. CR-455886, which has been assigned to respondent judge.[2]   The grand jury issued a three-count indictment.   The state nolled one count, and the jury found him guilty of the

---

[1]   The caption of relator's complaint stated his name as "Jose Agusto, Jr."   By separate order, this court instructed the clerk to correct the caption to reflect the proper spelling of relator's last name as "Agosto."

[2]   Agosto has also named the "Cuyahoga County Court of Common Pleas" as a respondent.

two remaining counts, murder and felonious assault. The court of common pleas issued a sentencing entry on November 3, 2005. This court affirmed Agosto's conviction in *State v. Agosto*, Cuyahoga App. No. 87283, 2006-Ohio-5011, and the Supreme Court of Ohio dismissed Agosto's appeal as not involving any substantial constitutional question. *State v. Agosto*, 114 Ohio St.3d 1414, 2007-Ohio-2632, 867 N.E.2d 846.

{¶ 2} In this action, Agosto contends that the November 3, 2005 sentencing entry is void because: (1) it does not contain a disposition of count 1; (2) the trial court improperly imposed sentence on allied offenses of similar import; and (3) the trial court improperly imposed postrelease control. He requests that this court issue a writ of mandamus and/or procedendo "compelling the Respondents' [sic] to cause the Relator to be physically brought back before the Cuyahoga County Court of Common Pleas to be sentenced to a lawful sentence and cause to be rendered and filed as a valid final judgment in the Relator's case sub judice." Complaint, Ad Damnum Clause (capitalization in original).

{¶ 3} The requirements for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Mandamus may compel a court to

exercise judgment or discharge a function, but it may not control judicial discretion, even if that discretion is grossly abused. Additionally, mandamus is not a substitute for appeal and does not lie to correct errors and procedural irregularities in the course of a case. If the relator has or had an adequate remedy, relief in mandamus is precluded — regardless of whether the relator used the remedy. *State ex rel. Smith v. Fuerst*, Cuyahoga App. No. 86118, 2005-Ohio-3829, at ¶4.

{¶ 4} The criteria for relief in procedendo are also well established. The relator must demonstrate: (1) a clear legal right to proceed in the underlying matter; and (2) the lack of an adequate remedy in the ordinary course of the law. See, e.g., *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, at ¶13.

{¶ 5} Initially, we note that Agosto previously sought — and this court denied — relief in mandamus and procedendo regarding the same November 3, 2005 sentencing entry. He requested "that this court compel respondents to 'cause to be rendered and filed a valid final judgment in the Relator's above-cited criminal case.' Complaint, ad damnum clause." *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 90631, 2007-Ohio-6806, ¶1, affirmed *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas*, 119 Ohio St.3d 366, 2008-Ohio-4607, 894 N.E.2d 314 ("Case

No. 90631"). In Case No. 90631, Agosto complained that the sentencing entry was "defective because it does not mention his plea and 'the entry does not set forth the Relator's verdicts; it sets forth a *description* of the Relator's verdicts * * *.' Relator's Brief in Opposition to Respondents' Motion to Dismiss, at 2. Emphasis in original." Case No. 90631, 2007-Ohio-6806, ¶2.

{¶ 6} Although, in Case No. 90631, Agosto asserted a different basis for holding that the November 3, 2005 sentencing entry was defective, he requested the same relief as he requests in this action. That is, he wants this court to compel respondents to issue a final appealable order. Not only did this court reject his request for relief in mandamus and/or procedendo, the Supreme Court affirmed and held: "Thus, based on [*State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163], neither the common pleas court nor the judge either refused to render or unduly delayed rendering a judgment in the criminal case, and Agosto is thus not entitled to the requested extraordinary relief in mandamus and procedendo." 2008-Ohio-4607, ¶10. Additionally, the Supreme Court held that Agosto had an adequate remedy by way of appeal. "In fact, Agosto has already exercised his right to appeal the judgment in the criminal case, albeit unsuccessfully, and he could have raised his present claims in that appeal." Id., ¶12 (citation deleted).

{¶ 7} In light of the Supreme Court's prior determination in Agosto's appeal of this court's decision in Case No. 90631, we must hold that res judicata bars this action.

{¶ 8} Agosto also erroneously argues that the absence of the state's nolle from the sentencing entry is a defect. The trial court is not required to state the means of exoneration in the sentencing entry. See *State v. Robinson*, Cuyahoga App. No. 90731, 2008-Ohio-5580, ¶18. This ground does not provide a basis for relief in mandamus or procedendo. See *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41.

{¶ 9} Agosto also contends that the trial court improperly imposed sentence on allied offenses of similar import. "[A]llied offense claims and sentencing issues are not jurisdictional. Thus, they are properly addressed on appeal and not through an extraordinary writ." *State ex rel. Martin v. Russo*, Cuyahoga App. No. 96328, 2011-Ohio-3268, ¶8 (citations deleted). We must, therefore, hold that Agosto's contention that he was improperly sentenced on allied offenses does not provide a basis for relief in mandamus and/or procedendo.

{¶ 10} Likewise, his argument that the sentencing entry is void because the court of common pleas improperly imposed postrelease control is not well

taken. The November 3, 2005 sentencing entry stated: "Post release control is part of this prison sentence for the maximum time allowed for the above felony(s) under R.C. 2967.28." In *State ex rel. Shepherd v. Astrab*, Cuyahoga App. No. 96511, 2011-Ohio-2938, the sentencing entry included comparable language regarding "'the maximum period allowed.'" Id. at ¶3. In *Shepherd*, we denied the request for relief in mandamus and/or procedendo and held that the language of the sentencing entry provided sufficient notice that postrelease control was part of the sentence. That is, the relator had an adequate remedy by way of appeal. In this action, we must reach the same conclusion and hold that Agosto had sufficient notice that postrelease control was part of his sentence and had an adequate remedy by way of appeal to raise any purported errors.

{¶ 11} Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 12} Writs denied.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
MELODY J. STEWART, J., CONCUR