[Cite as *State ex rel. Gonzalez v. Astrab*, 2012-Ohio-3582.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97922

# STATE EX REL. EDGAR GONZALEZ

RELATOR

vs.

# JUDGE MICHAEL ASTRAB, ET AL.

RESPONDENTS

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus and Procedendo
Motion No. 452465
Order No. 456884

**RELEASE DATE:**     August 9, 2012

**RELATOR**

Edgar Gonzalez
No. 593-445
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENTS**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James E. Moss, Esq.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Relator, Edgar Gonzalez, is the defendant in *State v. Gonzalez*, Cuyahoga C.P. No. CR-504595, which has been assigned to respondent judge, a member of respondent court. Gonzalez complains that the court of common pleas imposed sentence without properly addressing the issue of allied offenses of similar import under R.C. 2941.25. Gonzalez argues that his sentence is void and requests this court to issue a writ of mandamus and/or procedendo to compel respondents to have him returned to Cuyahoga County "to be sentenced to a lawful sentence * * *." Complaint, ¶ 11.

{¶2} Respondents have filed a motion to dismiss and argue that relief in mandamus and/or procedendo is not appropriate. We agree.

{¶3} In *State ex rel. Agosto v. Gallagher*, 8th Dist. No. 97760, 2011-Ohio-4514, *aff'd*, 131 Ohio St.3d 176, 2012-Ohio-563, 962 N.E.2d 796, the relator complained that his sentence was void because the court of common pleas improperly sentenced him to allied offenses. Agosto requested relief in mandamus and/or procedendo to compel the respondents — the court of common pleas and a judge of that court — to bring him back to that court to receive a "lawful sentence." *Id*. at ¶ 2. We denied Agosto's claim for relief and the Supreme Court affirmed observing:

> Moreover, Agosto's allied-offense claims are nonjurisdictional and are not cognizable in an extraordinary-writ action. *See Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10 (habeas corpus).

Agosto had an adequate remedy in the ordinary course of law to raise his claims in an appeal from his sentencing entry.

*Id.* at ¶ 3.

**{¶4}** The Supreme Court has stated clearly that original actions do not provide a remedy for allied-offense claims. As a consequence, we must hold that Gonzalez's complaint fails to state a claim upon which relief can be granted.

**{¶5}** Accordingly, respondents' motion to dismiss is granted. Relator to pay costs. The court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶6}** Complaint dismissed.

_____

\_\_\_\_\_

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR