SMITH, APPELLANT, *v.* VOORHIES, WARDEN, APPELLEE.

[Cite as *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479.]

(No. 2008–0664—Submitted August 26, 2008—Decided September 10, 2008.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition failed to state a viable claim, we affirm.

### Criminal Case and Appeals

{¶ 2} In 2001, appellant, Garey Smith, shot four people, killing one of them and seriously wounding the others. Following a trial, Smith was convicted of one count of murder, two counts of attempted murder, six counts of felonious assault, and one count of having a weapon while under a disability. The trial court merged some of the counts for purposes of sentencing and sentenced Smith to an aggregate prison term of 47 years to life.

{¶ 3} On appeal, the court of appeals reversed the judgment of the trial court because it had denied Smith his right to self-representation. *State v. Smith*, Hamilton App. No. C–020610, 2004-Ohio-250, 2004 WL 102285. On remand, Smith was retried and convicted of six counts of felonious assault and one count of having a weapon while under a disability. The trial court sentenced him to an aggregate prison term of 55 1/2 years.

{¶ 4} On appeal of the new sentencing entry, the court of appeals reversed Smith's convictions on two of the felonious-assault counts and remanded those counts for a new trial, affirmed his remaining convictions, and vacated the sentences imposed on the remaining counts for resentencing under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. See *State v. Smith*, 168 Ohio App.3d 141, 2006-Ohio-3720, 858 N.E.2d 1222. In its decision, the court of appeals rejected Smith's argument that double jeopardy prevented his retrial on some of the felonious-assault counts because the trial court's first sentencing entry had merged those offenses for purposes of sentencing. Id. at ¶ 75.

{¶ 5} On remand, the trial court resentenced Smith to an aggregate prison term of 36 years. In an appeal from that sentence, Smith claimed that the trial court violated the constitutional prohibition against double jeopardy as well as other constitutional provisions by retrying him on the previously merged offenses. The court of appeals affirmed Smith's convictions for having a weapon while under a disability and the findings of guilt on the previously merged charges. But the court vacated the sentences imposed for the felonious-assault offenses and remanded the case for resentencing so that only one felonious-assault sentence would be imposed for each of the two victims. *State v. Smith*, Hamilton App. No. C–070216, 2008-Ohio-2469, 2008 WL 2154770. In doing so, the court of appeals relied on our intervening decision in *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181.

### Habeas Corpus Case

{¶ 6} In November 2007, Smith filed a petition in the Court of Appeals for Scioto County for a writ of habeas corpus to compel appellee, Southern Ohio Correctional Facility Warden Edwin C. Voorhies Jr., to release him from prison. Smith again claimed that double jeopardy and other provisions barred the trial court from retrying him on counts that had been merged in his first sentence. The warden filed a motion to dismiss or alternative answer to the petition. The court of appeals granted the warden's motion and dismissed the petition.

{¶ 7} This cause is now before the court upon Smith's appeal as of right.

### Viability of Habeas Corpus Claim

{¶ 8} For the following reasons, Smith's petition does not state a viable habeas corpus claim.

{¶ 9} First, res judicata is not an appropriate basis for extraordinary relief, because "res judicata does not divest a trial court of jurisdiction to decide its applicability, and the denial of this defense by the trial court can be adequately challenged by post-judgment appeal." *State ex rel. Nationwide Mut. Ins. Co. v. Henson*, 96 Ohio St.3d 33, 2002-Ohio-2851, 770 N.E.2d 580, ¶ 11; see also *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 623 N.E.2d 69, paragraph one of the syllabus ("The decision of a trial court denying a motion to dismiss on the ground of double jeopardy is not a final appealable order, and is not subject to judicial review through an action in habeas corpus or prohibition, or any other action or proceeding invoking the original jurisdiction of an appellate court").

{¶ 10} Second, allied-offense claims are nonjurisdictional and are not cognizable in habeas corpus. *Mosely v. Echols* (1991), 62 Ohio St.3d 75, 578 N.E.2d 454.

{¶ 11} Third, res judicata barred Smith from raising his claims, which he either raised or could have raised in his direct appeals. See *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 9. Smith cannot use habeas corpus to obtain successive appellate reviews of the same issues. *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 7. In fact, his latest appeal has proven partially successful.

{¶ 12} Finally, "it is a fundamental, long-settled principle 'that a successful appeal of a conviction *precludes* a subsequent plea of double jeopardy.'" *State v. Keenan* (1998), 81 Ohio St.3d 133, 141, 689 N.E.2d 929, quoting *United States v. Scott* (1978), 437 U.S. 82, 89, 98 S.Ct. 2187, 57 L.Ed.2d 65 (emphasis added in *Keenan*). "A reversal of a judgment in a criminal case merely places the state and the defendant in the same position as they were in before trial." *State v. Liberatore* (1982), 69 Ohio St.2d 583, 591, 23 O.O.3d 489, 433 N.E.2d 561. Therefore, the court of appeals' reversal of Smith's first sentence did not bar his retrial on the criminal charges merged in the first sentence. See also *Smith*, 2008-Ohio-2469, 2008 WL 2154770, at ¶ 33–34.

{¶ 13} Based on the foregoing, the court of appeals did not err in dismissing Smith's habeas corpus petition. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Garey Smith, pro se.

Nancy Hardin Rogers, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.