[Cite as *State ex rel. Martin v. Russo*, 2011-Ohio-3268.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96328

---

# STATE OF OHIO, EX REL.,
# TRAMAINE MARTIN

### RELATOR

### vs.

# JUDGE MICHAEL J. RUSSO

### RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 442207
Order No. 443714

**RELEASE DATE:**   June 28, 2011

**FOR RELATOR**

Tramaine Martin Pro se
Inmate No. A584-538
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   On January 25, 2011, the relator, Tramaine Martin, commenced this mandamus action against the respondent, Judge Michael J. Russo, to compel the judge to vacate Martin's sentence in the underlying case, *State v. Martin*, Cuyahoga County Common Pleas Court Case No. CR-532936 and resentence him.   The gravamen of Martin's argument is that the

consecutive sentences for receiving stolen property and failure to comply are void because they involve allied offenses.

{¶ 2} On February 22, 2011, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of adequate remedy at law and res judicata. Martin filed his brief in opposition on March 9, 2011. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus.

{¶ 3} In the underlying case, the police observed Martin driving on the wrong side of the street. When the police attempted to stop him, he fled. Eventually, he abandoned the car but was captured. The police then discovered that the car Martin had driven was stolen. The grand jury indicted Martin on three counts of failure to comply with the signal or order of a police officer, one count of possession of criminal tools, and one count of receiving stolen property.

{¶ 4} Martin entered into a plea agreement. He pleaded guilty to receiving stolen property and one count of failure to comply, and the other charges were nolled. The judge sentenced him to 15 months for failure to comply consecutive to nine months for receiving stolen property.

{¶ 5} On appeal, this court rejected his four assignments of error: (1) the trial court improperly sentenced him on both counts because they were allied offenses; (2) the trial

court improperly imposed a lifetime driver's license suspension because, as applied to him, it is an ex post facto law; (3) the indictments were defective because they failed to allege a mens rea element; and (4) his speedy trial rights were violated. *State v. Martin*, Cuyahoga App. No. 95281, 2011-Ohio-222.

{¶ 6} Martin now resurrects his argument on allied offenses. He submits that the offense of failure to comply is inseparable from the offense of receiving stolen property. He fled because he knew he was driving stolen property; the failure to comply was in furtherance of receiving stolen property. It is just one continuous transgression with the same animus.[1] Martin further submits that the failure to apply the principles of allied offenses to his sentencing renders the sentence void and subject to collateral attack through the extraordinary writ of mandamus.

{¶ 7} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631

---

[1] This reasoning is ill-founded. When Martin drove the stolen car, he committed the offense of receiving stolen property. When he saw the officer's signal, he then had the choice to obey or flee, to renounce further wrongdoing or compound his problems. When he chose to flee, at that time, he committed the separate offense of failure to comply, even if he conceptualized it as furthering the crime of receiving stolen property.

N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.

{¶ 8} First, allied offense claims and sentencing issues are not jurisdictional. Thus, they are properly addressed on appeal and not through an extraordinary writ. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44; *State ex rel. Dye v. Alvis* (1949), 86 Ohio App. 137, 90 N.E.2d 416; *State v. Newell*, Cuyahoga App. No. 89016, 2007-Ohio-400;[2] and *State ex rel. Oden v. Character* (Sept. 26, 1994), Cuyahoga App. No. 67734. Similarly, appeal, and not mandamus, is the proper remedy for addressing issues of double jeopardy and ex post facto law. *State ex rel. Rattlif v. Sutula* (Jan. 21, 1997), Cuyahoga App. No. 71760, and *State ex rel. Nash v. McMonagle* (July 10, 1997), Cuyahoga App. No. 72357.

{¶ 9} Moreover, in this case, Martin has already appealed these issues and used his adequate remedy at law, which precludes relief in mandamus. Res judicata further bars this

---

[2]Although *Voorhies*, *Alvis* and *Newell* are habeas corpus cases, their rulings on adequate

litigation.[3]

{¶ 10} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator. The court directs the clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

_____

LARRY A. JONES, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR

_____

remedy at law apply to all the extraordinary writs.

[3]To the extent that Martin's complaint for mandamus also seeks to include the judge's suspension of his driver's license, the principles of adequate remedy at law and res judicata also bar that claim.