[Cite as *Walker v. State*, 2014-Ohio-216.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100415

# S/O EX REL.,
# MICHAEL A. WALKER #176-280

### RELATOR

vs.

# STATE OF OHIO

### RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Order No. 470856
Motion No. 469065

**RELEASE DATE:**   January 21, 2014

**FOR RELATOR**

Michael Angelo Walker
Inmate No. 176-280
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, OH 44030-8000


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} On September 17, 2013, the relator, Michael Walker, commenced this mandamus action against the state of Ohio by and through Cuyahoga County Prosecutor Timothy McGinty to issue an order vacating his sentences in the underlying case, *State v. Walker*, Cuyahoga C.P. No. CR-180834, and remanding the case to the Cuyahoga County Common Pleas Court for an allied offenses hearing and a de novo sentencing. On October 15, 2013, the respondent, through the Cuyahoga County Prosecutor, moved to dismiss. Walker never filed a response. For the following reasons, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus.

{¶2} In the underlying case in 1983, a jury found Walker guilty of aggravated murder, aggravated burglary, two counts of aggravated robbery, and two counts of felonious assault.[1] The trial judge imposed consecutive sentences for all counts for a total sentence of 64 years to 105 years and/or life. Since then, Walker has filed numerous postconviction motions and appeals; he has exhausted his appellate remedies. Walker now argues that pursuant to *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1601, and R.C. 2941.25, the trial court has the duty

[1] On February 25, 1983, Walker, who was carrying a gun, enlisted several acquaintances to help him steal a television set. They drove to the home of another acquaintance, Joseph Saunders, who admitted Walker and one of the acquaintances. Walker then pulled out his gun, tied up Joseph Saunders and his brother, Robert Saunders, whom Walker beat, and put them in the bathroom. Walker and the acquaintance then rummaged through the home. The Saunders brothers escaped from the bathroom and tried to leave. Walker intercepted Joseph Saunders in the front of the building. After a struggle, he aimed his gun and shot and killed Joseph.

enforceable in mandamus to revisit the convictions and sentences to determine if any of the offenses should merge as allied offenses.[2]

**{¶3}** Walker has no right to have his convictions and sentences reviewed pursuant to *Johnson.* New judicial rulings may only be applied to cases that are pending on the announcement date; they may not be applied retroactively to a conviction that has become final, i.e., an accused has exhausted his appellate remedies. *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687. Specifically, the courts of Ohio have ruled that *Johnson* does not apply retroactively. *State v. Bork*, 6th Dist. Lucas No. L-12-1221, 2013-Ohio-3974; *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645; and *State v. Thompkins,* 10th Dist. Franklin No. 12AP-1080, 2013-Ohio-3599.

**{¶4}** Furthermore, claims of sentencing errors, including allied offenses claims, are not cognizable in extraordinary writ actions. *Smith v. Voorhies*, 119 Ohio St.3d 345,

---

[2]The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

2008-Ohio-4479, 894 N.E.2d 44, and *State ex rel. Agosto v. Gallagher*, 8th Dist. Cuyahoga No. 96670, 2011-Ohio-4514.

{¶5} Accordingly, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ dismissed.


_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR