THE STATE EX REL. WALKER, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

[Cite as *State ex rel. Walker v. State,* 142 Ohio St.3d 365, 2015-Ohio-1481.]

(No. 2014–0336—Submitted January 13, 2015—Decided April 21, 2015.)

Per Curiam.

{¶ 1} Appellant, Michael A. Walker, appeals the decision of the Eighth District Court of Appeals dismissing his petition for a writ of mandamus. Walker has also moved this court to stay the collection of court costs during this appeal. For the reasons set forth below, we affirm the judgment of the court of appeals and deny the motion to stay the collection of court costs.

## I. Facts

### A. *Underlying criminal conviction*

{¶ 2} In 1983, a jury found Walker guilty of aggravated murder, aggravated burglary, and two counts each of aggravated robbery and felonious assault. The trial court sentenced him to serve 64 to 105 years and/or life in prison. Walker's convictions and sentences were affirmed on direct appeal. *State v. Walker,* 8th Dist. Cuyahoga No. 47616, 1984 WL 5599 (May 31, 1984).

{¶ 3} On June 17, 1999, Walker filed a motion with the trial court seeking to have his sentence "corrected" under R.C. 2941.25(A) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The trial court denied Walker's motion on July 1, 1999. Walker did not appeal.

### B. Mandamus proceedings

{¶ 4} On September 17, 2013, Walker filed an original action in the court of appeals seeking a writ of mandamus compelling the state of Ohio to resentence him. Walker argued that our decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, entitles him to a de novo resentencing hearing at which the trial court must address the issue of allied offenses. *Johnson* changed the standard for evaluating allied offenses by overruling *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." *Johnson* at ¶ 44. Under *Johnson*, courts must "consider the offenses at issue in light of the defendant's conduct," *id.* at ¶ 46, and a "court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger," *id.* at ¶ 47.[1]

{¶ 5} The state filed a motion to dismiss the petition, arguing that Walker named the state of Ohio as a party in error, and therefore the petition was defective, and asserting that *Johnson* does not apply retroactively. The state further argued that Walker's allied-offense claim is not cognizable in a mandamus action, because he had an adequate remedy in the ordinary course of law by way of direct appeal.

{¶ 6} The court of appeals granted the motion to dismiss and held that *Johnson* applies only to cases pending on the date that that decision was announced, not to convictions that were final prior to that date. 2014-Ohio-216, 2014 WL 265632, at ¶ 3, citing *State v. Bork*, 6th Dist. Lucas No. L–12–1221, 2013-Ohio-3947, 2013 WL 5210374, *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, 2013 WL 4520485, and *State v. Thompkins*, 10th Dist. Franklin No. 12AP–1080, 2013-Ohio-3599, 2013 WL 4477841. The court of appeals also held that "claims of sentencing errors, including allied offenses claims, are not cognizable in extraordinary writ actions." *Id.* at ¶ 4, citing *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, and *State ex rel. Agosto v. Gallagher*, 8th Dist. Cuyahoga No. 96670, 2011-Ohio-4514, 2011 WL 3925670.

{¶ 7} Walker timely appealed to this court.

## II. Legal analysis

### A. Mandamus

{¶ 8} Walker argues, in two propositions of law, that he is entitled to a de novo resentencing hearing under *Johnson* and that his state and federal constitutional

---

1. The *Johnson* test has since been clarified by our opinion in *State v. Ruff*, —— Ohio St.3d ——, 2015-Ohio-995, —— N.E.3d ——; however, *Ruff* has no bearing on the resolution of this appeal.

rights were violated when the trial court failed to determine whether any offenses were subject to merger at the time of his sentencing hearing.

{¶ 9} A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent official or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. O'Grady v. Griffing*, 140 Ohio St.3d 290, 2014-Ohio-3687, 17 N.E.3d 574, ¶ 11, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Further, a relator must prove that he or she is entitled to the writ by clear and convincing evidence. *Id.*

{¶ 10} Walker is unable to establish a clear legal right to the relief he seeks in light of *State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199. *Ketterer* held that *Johnson* does not apply retroactively to cases that were final prior to the date that decision was announced. *Id.* at ¶ 15. Walker was convicted in 1983 and his conviction was affirmed on direct appeal in 1984. *Walker*, 8th Dist. Cuyahoga No. 47616, 1984 WL 5599 (May 31, 1984). By contrast, *Johnson* was announced on December 29, 2010. 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Thus, Walker's conviction became final long before our decision in *Johnson* was announced. *See Allen v. Hardy*, 478 U.S. 255, 257–258, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986), fn. 1 (a conviction is final when the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for a petition for certiorari has elapsed). While the court of appeals in this case did not have the benefit of our decision in *Ketterer*, the court nonetheless correctly analyzed Walker's claim by holding that *Johnson* is a new judicial ruling that may not be applied retroactively to a conviction that had already become final. 2014-Ohio-216, 2014 WL 265632, at ¶ 3, citing *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687.

{¶ 11} Walker's second proposition of law invokes the double-jeopardy provision in the state and federal constitutions. Yet his second proposition of law merely recasts his primary complaint under the first proposition of law: that the trial court must hold a de novo resentencing hearing under *Johnson*. Walker argues that a federal district court has ruled that *Johnson* applies retroactively. *See Walters v. Sheets*, S.D.Ohio No. 2:09–CV–446, 2011 WL 4543889 (Sept. 29, 2011) (applying *Johnson* retroactively). However, that opinion was overruled by the Sixth Circuit Court of Appeals on the very basis for which Walker cites it. *Walters v. Warden*, 6th Cir. No. 12–3202, 2013 WL 1296249 (April 2, 2013) (*Johnson* does not apply retroactively).

{¶ 12} Walker alternatively argues that the failure to include an allied-offense determination in his 1983 judgment entry rendered his sentence void under *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. But *Underwood*

did not address the issue Walker claims it did; in *Underwood*, we held that a criminal defendant has the right to appeal a sentence, despite the language in R.C. 2953.08(D)(1) precluding an appeal of a sentence that was jointly recommended by the parties, if the trial judge failed to merge allied offenses at sentencing. *Id.* at ¶ 26. Thus, *Underwood* is inapposite.

{¶ 13} Because *Johnson* does not apply retroactively, Walker is unable to establish that he has a clear legal right to relief.

{¶ 14} Additionally, Walker had an adequate remedy in the ordinary course of the law by way of direct appeal and postconviction relief, both of which he has repeatedly sought over the 30 years since his conviction. And "[w]here a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue." *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93, 694 N.E.2d 463 (1998).

{¶ 15} Walker has not established by clear and convincing evidence that he has a clear right to relief. Additionally, Walker has or had adequate remedies in the ordinary course of the law. Thus, Walker has not satisfied the requirements for obtaining a writ of mandamus.

### B. Court costs

{¶ 16} We deny Walker's motion to stay the collection of court costs as moot.

### III. Conclusion

{¶ 17} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Michael A. Walker, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.