[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McKinney v. Schmenk,* Slip Opinion No. 2017-Ohio-9183.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9183

THE STATE EX REL. MCKINNEY, APPELLANT, *v.* SCHMENK, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McKinney v. Schmenk,* Slip Opinion No. 2017-Ohio-9183.]

*Mandamus—Original sentence alleged to be void—Trial court did not merge convictions for offenses alleged to be allied offenses of similar import—Res judicata—Defendant may not use mandamus to relitigate appellate court's determination that sentence was not void.*

(No. 2017-0643—Submitted September 26, 2017—Decided December 27, 2017.)

APPEAL from the Court of Appeals for Defiance County,

No. 4-17-03.

_____

**Per Curiam.**

{¶ 1} Appellant, Daniel P. McKinney, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of mandamus.  For the reasons below, we affirm.

**Background**

**{¶ 2}** For purposes of reviewing a decision granting a motion to dismiss, we must accept the following allegations in McKinney's petition as true. *See Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

**{¶ 3}** In 2004, McKinney was convicted of five counts arising from a single event: robbery, aggravated theft, receiving stolen property, and two counts of failing to comply with a police officer's order. *See* Defiance C.P. No. 03 CR 8624. The trial court sentenced him to consecutive prison terms totaling 20.5 years.

**{¶ 4}** McKinney appealed, arguing that the robbery and theft counts were allied offenses of similar import, as were the two counts for failing to comply. The court of appeals rejected this argument, and McKinney's other arguments, but reversed his conviction for receiving stolen property and remanded for resentencing. *State v. McKinney*, 3d Dist. Defiance No. 4-04-12, 2004-Ohio-5518, ¶ 38-44, 64. In 2005, the trial court resentenced McKinney to consecutive prison terms totaling 18.5 years.

**{¶ 5}** More than ten years later, McKinney filed two motions with the trial court: a "Motion to Correct Void Allied Convictions/Sentences" and a motion for a resentencing hearing.

**{¶ 6}** In March 2017, before the appellee, Judge Joseph Schmenk, ruled on either motion, McKinney filed a petition for a writ of mandamus in the Third District Court of Appeals. He sought an order compelling Judge Schmenk to merge the convictions that he claimed were for allied offenses and argued that until the judge does so, there is no final, appealable order in his criminal case.

**{¶ 7}** In April 2017, the court of appeals granted Judge Schmenk's motion to dismiss the petition. McKinney appeals.

**Analysis**

**{¶ 8}** We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56

N.E.3d 913, ¶ 12. In doing so, this court must presume the truth of all factual allegations in the complaint and draw all reasonable inferences in the nonmoving party's favor. *Mitchell,* 40 Ohio St.3d at 192, 532 N.E.2d 753. We will affirm a lower court's judgment granting the motion "only when there is no set of facts under which the nonmoving party could recover." *Ohio Civ. Serv. Emps. Assn.* at ¶ 12.

{¶ 9} To prevail in his mandamus action, McKinney must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) Judge Schmenk has a clear legal duty to provide it, and (3) McKinney lacks an adequate remedy in the ordinary course of the law. *See State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. "[M]andamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5.

{¶ 10} McKinney's claim is predicated on his contention that Judge Schmenk has yet to issue a final, appealable order in his criminal case because the trial court's earlier orders, which failed to merge the alleged allied offenses, are void. But McKinney has already unsuccessfully litigated the question whether he was improperly convicted of duplicative charges. In his 2004 direct appeal, he argued that "the jury was presented with, and convicted the defendant on, duplicative charges (i.e. robbery and aggravated theft and the two separate counts of failure to comply)." *McKinney*, 2004-Ohio-5518, at ¶ 37. The court of appeals analyzed the charges and the facts of the crime and concluded that the charges were not duplicative. *Id.* at ¶ 42, 44. This court declined to review that decision. 105 Ohio St.3d 1561, 2005-Ohio-2447, 828 N.E.2d 116.

{¶ 11} Given this history, McKinney's present effort to collaterally attack his convictions as allied offenses is barred by res judicata. As we have explained, "[W]hen a trial court finds that convictions are not allied offenses of similar import,

or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26. McKinney did assert this alleged error in a timely appeal, and it was resolved in the state's favor.

{¶ 12} Contrary to McKinney's suggestion, the application of res judicata here is entirely consistent with our 2016 decision in *State v. Williams.* *Williams* held that res judicata does not apply when a trial court imposes "separate sentences * * * for allied offenses of similar import *that the trial court found to be subject to merger* pursuant to R.C. 2941.25(A)." (Emphasis added.) *Id.* at ¶ 15, 28. Under those circumstances, we explained, sentences are void and subject to attack at any time. *Id.* at ¶ 28. But here the trial court made no such finding and the court of appeals found just the opposite—that the sentences for these offenses were not duplicative.

{¶ 13} McKinney also asserts that the trial judge denied his motion to correct a void sentence and therefore, mandamus relief is appropriate to compel the judge to issue a new sentencing entry that is a final, appealable order. In support, he cites *State ex rel. Carnail v. McCormick,* 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110. But *Carnail* speaks to how a defendant can go about seeking relief when his or her sentence *is void*. *Id.* at ¶ 37 (because his original sentencing entry was void, "Carnail was not relegated to appealing the judge's order denying his motion to correct the sentence"; instead, he was entitled to extraordinary relief in mandamus to get a final, appealable order). *Carnail* does not authorize a defendant to use mandamus to relitigate an appellate court's determination that the sentence *is not void.* To the contrary, when "a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue." *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93, 694 N.E.2d 463

4

(1998); *see also State ex rel. Walker v. State*, 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 14.

{¶ 14} For these reasons, we affirm the dismissal of McKinney's mandamus petition.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Daniel P. McKinney, pro se.

Morris J. Murray, Defiance County Prosecuting Attorney, and Russell R. Herman, Assistant Prosecuting Attorney, for appellee.

_____