[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Curtis v. Wainwright,* Slip Opinion No. 2019-Ohio-942.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-942

CURTIS, APPELLANT, *v*. WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Curtis v. Wainwright,* Slip Opinion No. 2019-Ohio-942.]

*Habeas corpus—Allied-offense claims are nonjurisdictional and are not cognizable in habeas corpus—Alleged violation of Crim.R. 43(A) is not cognizable in habeas corpus—Court of appeals' dismissal of petition affirmed.*

(No. 2018-1084—Submitted January 29, 2019—Decided March 20, 2019.)

APPEAL from the Court of Appeals for Marion County, No. 9-18-14.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals dismissing the petition of appellant, Richard Curtis, for a writ of habeas corpus.

{¶ 2} Curtis, an inmate at Marion Correctional Institution, was convicted in 2009 in Brown County Common Pleas Court of aggravated murder and murder, with each count carrying a gun specification.  After merging the offenses for purposes of sentencing, the trial court sentenced him to life imprisonment with the

possibility of parole after 20 years for the aggravated-murder conviction, to be served consecutively to a three-year prison term for the attached gun specification. The Twelfth District Court of Appeals affirmed. The trial court later entered a nunc pro tunc entry to delete ambiguous language regarding merger and to delete a reference to postrelease control.

{¶ 3} In May 2018, Curtis filed a habeas corpus petition in the Third District Court of Appeals, arguing that the trial court had improperly imposed multiple sentences for allied offenses and that his sentence is therefore void. Appellee, Warden Lyneal Wainwright, moved to dismiss Curtis's petition for failure to state a claim. The court of appeals granted the motion to dismiss.

{¶ 4} A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. This court reviews a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶ 5} The court of appeals correctly dismissed Curtis's petition, because his claim is not cognizable in a habeas corpus action. Curtis first argues that he is entitled to habeas relief because the trial court imposed multiple sentences for allied offenses, rendering the sentence void. But "allied-offense claims are nonjurisdictional and are not cognizable in habeas corpus." *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10.

{¶ 6} Curtis also argues that he is entitled to a new sentencing hearing because the trial court improperly issued the nunc pro tunc entry outside his presence, *see* Crim.R. 43(A). An alleged violation of Crim.R. 43(A) is not

cognizable in habeas corpus. *Wilson v. Hudson*, 127 Ohio St.3d 31, 2010-Ohio-4990, 936 N.E.2d 42, ¶ 1.

{¶ **7**} Finally, Curtis contends that the nunc pro tunc entry is invalid because the sentence the trial court initially imposed violated R.C. 2941.25, which governs allied offenses. But because a common pleas court has subject-matter jurisdiction over felony cases, R.C. 2931.03, the trial court had jurisdiction to sentence Curtis and to determine whether R.C. 2941.25 applied. *See State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 13.

{¶ **8**} The court of appeals correctly dismissed Curtis's petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Richard Curtis, pro se.

Dave Yost, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____