[Cite as *State ex rel. Kerr v. Pollex*, 2019-Ohio-1725.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio, ex rel. Jeremy Kerr      Court of Appeals No. WD-19-005

    Relator

v.

Judge Robert Pollex (retired)
and Judge Matthew Reger      **DECISION AND JUDGMENT**

    Respondents      Decided: May 3, 2019

* * * * *

Jeremy Kerr, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} In this original action, relator Jeremy Kerr has filed a writ of prohibition to vacate his order of conviction in *State v. Kerr*, Wood C.P. No. 2012-CR-0389. Hon. Robert Pollex presided over Kerr's criminal trial and has since retired. Kerr's case is now assigned to Hon. Matthew Reger. For the reasons set forth below, we dismiss Kerr's petition, sua sponte.

**Background**

{¶ 2} According to the petition and its attachments, Kerr owned real property in Weston, Ohio, that was the subject of several judgment liens. The state alleged that Kerr created four releases with forged signatures of lienholders and caused the releases to be presented to the Wood County Clerk of Courts for filing. The releases purported to remove the liens, despite the absence of payment by Kerr to satisfy the judgments. Kerr was convicted of four counts of forgery, in violation of R.C. 2913.31, and four counts of tampering with evidence, in violation of R.C. 2921.12. On June 11, 2013, Kerr was sentenced to serve seven years and eight months in prison. Kerr appealed, alleging that the trial court erred in overruling his Crim.R. 29 motion for an acquittal because the state failed to present legally sufficient evidence in support of the offenses and failed to establish venue in Wood County. Kerr also alleged that his convictions were against the manifest weight of the evidence. We affirmed the convictions and sentence in *State v. Kerr*, 6th Dist. Wood No. WD-13-047, 2014-Ohio-5455.

{¶ 3} On August 28, 2017, Kerr filed a "Motion to Vacate Void Judgment of Conviction," based upon his claim that the state failed to establish venue. The trial court denied Kerr's motion, and we dismissed his appeal as untimely in *State v. Kerr*, 6th Dist. Wood No. WD-18-022 (Apr. 19, 2018). In addition, Kerr has argued "no proof of venue" in five distinct original actions (excluding this case). *See* Kerr's "Affidavit Pursuant to R.C. 2969.25 Civil Complaints and Civil Appeals Filed Within The Last Five Years."

2.

Four were filed directly in the Ohio Supreme Court, and one was filed in federal court. Each was dismissed except for one that is pending in the Ohio Supreme Court.

**Kerr's Complaint in Prohibition**

{¶ 4} The complaint before this court consists of seven counts; two of them pertain to venue. Thus, in Count 5, Kerr alleges that "[Respondent] Pollex was [without] legal authority to render a judgment of conviction against [him] because venue was not established." In Count 6, Kerr alleges that there was no evidence that he "committed any element of the charges in Ohio." The gist of Kerr's argument is that the state failed to demonstrate that he had "physical possession, or transferred physical possession, of the forged Release of Liens in Wood County, Ohio" and/or that he "made, used, or presented the forged Release of Liens to the Clerk of Court in Wood County, Ohio." We addressed these same arguments in our decision affirming Kerr's conviction and sentence. *State v. Kerr* at ¶ 19-23.

{¶ 5} In the remaining five counts, Kerr alleges that two exhibits were improperly admitted under the business records exception to the hearsay rule (Count 1); that no evidence was presented that Kerr ever had possession of the forged releases or that he presented the forgeries to the clerk of courts (Count 2); that the "record is wholly devoid of any evidence that [he] committed an element of the charges" (Count 3); that the state failed to prove that he "emailed four forged documents from [a particular address in] Bowling Green, Ohio" and/or that he emailed the releases to the title company (Count 4); and finally, that the state committed prosecutorial misconduct by referring to

3.

inadmissible evidence, i.e., the business records that are the subject of Count 1 (Count 7). In his prayer for relief, Kerr requests that we order respondent Reger to vacate the order of conviction against him.

## Law and Analysis

{¶ 6} Prohibition is "an extraordinary writ and [this court does] not grant it routinely or easily." *State ex rel. Barclays Bank, P.L.C. v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 540, 660 N.E.2d 458 (1996). To be entitled to the requested writ of prohibition, Kerr must show that (1) Judge Reger is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 7} Kerr is not seeking to prohibit any future action by the trial court; rather he takes issue with a past ruling, i.e., his judgment of conviction in case No. 2012-CR-0389. A writ of prohibition in such circumstances is permissible only "[w]here there is a total want of jurisdiction on the part of a court," in which case the writ will be "allowed to arrest the continuing effect of an order previously issued by such court." *State ex rel. Elder v. Collins*, 11th Dist. Lake No. 2015-L-066, 2015-Ohio-3418, ¶ 7 quoting *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972), paragraph two of the syllabus.

4.

**{¶ 8}** The trial court's subject-matter jurisdiction over Kerr's criminal prosecution is clear. R.C. 2931.03 grants common pleas courts general original subject-matter jurisdiction over the prosecution of "all crimes and offenses," excluding "minor offenses" which are vested in inferior courts. *See, e.g., State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2. Kerr does not argue a lack of subject-matter jurisdiction, notwithstanding his frequent substitution of that term for "venue." The two are distinct. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits, while venue connotes the locality where the suit should be heard." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). Given the trial court's obvious authority to hear Kerr's case and in the absence of any indication that Judge Reger is about to exercise judicial power that is unauthorized by law, a writ of prohibition is improper.

**{¶ 9}** Kerr's complaint in prohibition raises the sufficiency and credibility of the evidence on which his convictions are based, the admissibility of certain evidence, and whether venue in the Wood County Court of Common Pleas was proper. Kerr raised these same arguments in his direct appeal. Thus, Kerr had an adequate remedy, and indeed exercised that remedy, in the ordinary course of the law. He is not, therefore, entitled to a writ of prohibition. *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8 ("An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ."). The fact that Kerr's prior appeal was unsuccessful or even wrongly decided does not mean that it was not an *adequate* remedy.

5.

*See State ex rel. Walker v. State*, 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 14; *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43, ¶ 1.

{¶ 10} Kerr's claims are also barred by application of the res judicata doctrine. The doctrine encompasses two related concepts. Claim preclusion (also known as res judicata) prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. *State ex rel. Peterson v. McClelland,* 8th Dist. Cuyahoga No. 103918, 2016-Ohio-1549, ¶ 11. Issue preclusion (also known as collateral estoppel) serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. Issue preclusion applies even if the causes of action differ. *Id., see also Kelly v. Georgia Pacific*, 46 Ohio St.3d 134, 137, 545 N.E.2d 1244 (1989) ("It would appear that the essential difference between *res judicata* and [collateral estoppel] is that in the former there must be an exact identity in parties *and* in causes of action, whereas the doctrine of [collateral] estoppel may apply where the cause of action in the subsequent suit is different. In the former situation, the preceding action is dispositive not only of issues which were actually litigated but also of those which could have been litigated).

Both claim and issue preclusion apply to this case. Because Kerr has already (and repeatedly) brought suit against Judge Reger, Kerr is precluded from relitigating the claim(s) brought against him (i.e. "no proof of venue") nor may he add new claims

6.

arising out of his trial.[1]  "Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it."  *State ex rel. Robinson v. Huron County Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ *8.*  Kerr may also be said to be collaterally estopped from bringing his venue claims because they have been previously raised, and found to lack merit, by way of multiple judgments, including the trial court's order denying Kerr's motion to vacate void judgment (on venue grounds), this court's decision affirming Kerr's conviction and sentence, and the Ohio Supreme Court's orders dismissing Kerr's applications in mandamus and prohibition.  "Allowing another collateral attack like this would undermine the finality of all criminal judgments by permitting the endless relitigation [on the issue of venue] when the offender has already had a full and fair opportunity to be heard [on this issue]."  *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 13.

{¶ 11} Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relators'] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief."  *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.  We find such circumstances

---

[1] *See State ex rel. Kerr v. Reger*, Ohio Supreme Court case No. 2017-1502 (mandamus action asserting "no proof of venue); *State ex rel. Kerr v. Reger,* Ohio Supreme Court case No. 2018-0425 (prohibition action asserting "no proof of venue").

7.

present here, and we therefore dismiss, sua sponte, Kerr's complaint for a writ of prohibition. His request for an alternative writ, filed on April 4, 2019, is denied as moot. Costs are taxed against Kerr. Clerk to serve notice upon the parties as provided by the Civil Rules.

Writ denied.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.