[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta,* **Slip Opinion No. 2019-Ohio-3784.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3784

THE STATE EX REL. SANDS, APPELLANT, *v.* CULOTTA, JUDGE, ET AL., APPELLEES.  (TWO CASES.)

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta,* **Slip Opinion No. 2019-Ohio-3784.]**

*Writs of mandamus sought to compel trial court to charge petitioner by way of a criminal complaint under Crim.R. 3 and to dismiss the counts of a complaint that were merged for sentencing—Mandamus is not available to attack the validity or sufficiency of a charging instrument—Petitioner had an adequate remedy at law to argue that multiple counts were allied offenses— Court of appeals' denial of writs affirmed.*

(Nos. 2019-0213 and 2019-0260—Submitted June 11, 2019—Decided September 24, 2019.)

APPEALS from the Court of Appeals for Lake County,

No. 2018-L-129, 2019-Ohio-329, and No. 2018-L-109, 2019-Ohio-272.

_____

**Per Curiam.**

{¶ 1} These two appeals, which we consolidate for decision, arise out of the same underlying facts. In case No. 2019-0213, appellant, Joseph A. Sands, appeals the dismissal of his petition for a writ of mandamus. And in case No. 2019-0260, he appeals the dismissal of a second petition for a writ of mandamus. We affirm both judgments.

## Background

{¶ 2} For purposes of reviewing the Eleventh District Court of Appeals' dismissals of Sands's petitions, we accept the factual allegations in his petitions as true. *See Coleman v. Portage Cty. Engineer*, 133 Ohio St.3d 28, 2012-Ohio-3881, 975 N.E.2d 952, ¶ 2, fn. 1. A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶ 3} In December 2006, a jury found Sands guilty of one count of engaging in a pattern of corrupt activity, three counts of conspiracy to commit aggravated murder, and two counts of conspiracy to commit aggravated arson. Appellee Lake County Court of Common Pleas Judge Vincent A. Culotta merged the five conspiracy counts and sentenced Sands to a 10-year term in prison to be served consecutively to his sentence for engaging in a pattern of corrupt activity, for a total of 20 years in prison. The court of appeals affirmed the convictions and sentence. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981.

*Case No. 2019-0213*

**{¶ 4}** In September 2018, Sands filed a petition for a writ of mandamus in the court of appeals naming Judge Culotta and appellee Lake County Prosecuting Attorney Charles E. Coulson as respondents. Sands claimed that Judge Culotta had a legal duty to charge Sands by way of a criminal complaint and that the common pleas court lacked subject-matter jurisdiction because a criminal complaint was not filed. Sands sought an order that he be charged with a crime under Crim.R. 3, have a preliminary hearing in the municipal court, and be provided with a criminal complaint filed in the municipal court. He also sought an order vacating his judgment as void and ordering his immediate release.

**{¶ 5}** Appellees moved to dismiss or, in the alternative, for summary judgment, arguing that Sands had an adequate remedy in the ordinary court of the law and that mandamus will not lie to control a trial court's discretion. In January 2019, the court of appeals dismissed the petition, holding that Sands's claims were barred by res judicata. Sands appealed.

*Case No. 2019-0260*

**{¶ 6}** In November 2018, Sands filed another petition for a writ of mandamus in the court of appeals in which he sought an order to compel Judge Culotta to hold a new sentencing hearing and issue a new order dismissing all but one of his conspiracy convictions. The petition named Coulson as a party without seeking any relief against him.

**{¶ 7}** Appellees again moved to dismiss or, in the alternative, for summary judgment because Sands had an adequate remedy at law and because mandamus will not lie to control a trial court's discretion. In February 2019, the court of appeals held that Sands's claim was barred by res judicata and dismissed the petition. Sands appealed.

**Law and Analysis**

{¶ 8} To be entitled to a writ of mandamus, Sands was required to establish (1) a clear legal right to the requested relief, (2) a clear legal duty on appellees' part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 9} Sands makes a single argument in each case: the court of appeals erred by failing to notify him of its intent to convert appellees' motions to dismiss into motions for summary judgment before it reach its decisions. But the court of appeals did not convert the motions to summary judgment and thus did not need to notify Sands.

{¶ 10} In case No. 2019-0213, Sands contends that because he was not charged in a criminal complaint, Judge Culotta did not have jurisdiction to proceed, but "extraordinary relief is not available to attack the validity or sufficiency of a charging instrument, and [appellant] had an adequate remedy in the ordinary course of law by appeal to raise this claim." *State ex rel. Bennett v. White*, 93 Ohio St.3d 583, 584, 757 N.E.2d 364 (2001). Sands also argues that pursuant to R.C. 2941.25(A), the sentencing entry should have shown only one conviction once the conspiracy convictions merged for purposes of sentencing. Contrary to Sands's assertion, the trial court had correctly stated that the five conspiracy counts were "merged for purposes of sentencing." Sands appears to argue that the conspiracy counts were allied offenses and therefore merged into one conviction. R.C. 2941.25(A). Again, however, Sands had an adequate remedy by way of appeal to argue that the conspiracy counts were allied offenses. *State ex rel. Walker v. State*, 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 14 (affirming dismissal of mandamus action because relator had an adequate remedy at law to raise allied-offense claim).

**{¶ 11}** Therefore, even if the court of appeals erred in granting the motions to dismiss based on res judicata, the dismissals were proper, and we will not reverse a correct judgment simply because it is based on an erroneous rationale. *See In re G.T.B.*, 128 Ohio St.3d 502, 2011-Ohio-1789, 947 N.E.2d 166, ¶ 7. We therefore affirm the dismissal of both mandamus actions on grounds that Sands failed to state a claim in either petition.

Judgments affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph A. Sands, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellees.

_____